WILLIAM E. ADAMS (BAR NO. 153330)
william.adams@saul.com
MARK B. MIZRAHI (BAR NO. 179384)
mark.mizrahi@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

*Attorneys for Plaintiff, Tile Tech, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TILE TECH, INC., a California corporation,<br><br>                 Plaintiff,<br><br>        vs.<br><br>Skydeck USA, LLC, a Michigan limited liability company; and DOES 1-5, inclusive,<br><br>                 Defendants. | Case No.   2:26-cv-08736<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT, AND OTHER CAUSES**<br><br>**DEMAND FOR JURY TRIAL** |

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58377591.3 727644-00844

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT, AND OTHER CAUSES

Plaintiff Tile Tech, Inc. alleges as follows:

**JURISDICTION**

1.      Because this civil action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and specifically 15 U.S.C. §§ 1114 and 1125(a), this Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court also has jurisdiction under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-02.

2.      This Court also has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332, as complete diversity exists between the parties to the action and the amount in controversy herein exceeds $75,000.

3.      This Court has subject matter jurisdiction over Tile Tech's California unfair competition and trademark claims pursuant to 28 U.S.C. § 1338(b), in that these claims are joined with a substantial related claim under the Lanham Act and this Court also has supplemental jurisdiction over the other state-law claims pursuant to 28 U.S.C. § 1367(a).

4.      This Court has personal jurisdiction over Defendants, as, on information and belief, Defendants are continuously conducting business in and/or have maintained continuous and substantial contacts with California and this District, including the acts complained of herein, and are subject to the jurisdiction of this Court.  On information and belief, defendant Skydeck USA, LLC ("Skydeck") actively offers for sale and publicly states that it sells goods/services competing with Plaintiff's goods/services that are the subject of this action, within the state of California and this District to California customers.  By deliberately naming Tile Tech, Inc. on Skydeck's interactive website located at www.skydeckusa.com and accessible in California – that contains unauthorized uses of Plaintiff's trademarks – Skydeck attempts to, and on information and belief has succeeded, in diverting current and prospective customers away from Tile Tech, Inc.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT, AND OTHER CAUSES

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

and to Skydeck, including customers located in California. Indeed, Skydeck routinely solicits customers located in California. On information and belief, Tile Tech's California customers and prospective customers have been exposed to the product pages that make unauthorized use of Tile Tech's TILE TECH® marks.

5.      In addition, Skydeck has purposely and willfully directed its intentional and continuous misuse of Plaintiff's TILE TECH trademarks and infringing conduct alleged herein at the State of California, and to customers and consumers located in California and this District, with the knowledge that Tile Tech, Inc. is a California resident and that the actions alleged herein have caused damage and will continue to cause damage within the State of California.  By transacting business with customers in California, and by using the goodwill and reputation owned by Tile Tech, Inc. to unfairly compete, in this District, Skydeck has purposely availed itself of the privilege of conducting business in California and this judicial district and has established sufficient contacts with the State of California such that it is subject to the personal jurisdiction of this Court and is amenable to service of process pursuant to California long-arm statute, Cal. Code of Civ. Procedure § 410.10.

## VENUE

6.      Venue in this district is proper pursuant to the provisions of 28 U.S.C. § 1391.

## THE PARTIES

7.      Plaintiff Tile Tech, Inc. ("Tile Tech" or "Plaintiff") is a California corporation, with its principal place of business located at 6025 Scott Way, Commerce, CA 90040.

8.      On information and belief, defendant Skydeck is a Michigan limited liability company with its principal place of business located at 756 Eastridge Dr. NE, Grand Rapids, MI 49525.

9.      The true names and capacities of defendants sued herein as DOES 1-5, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such

58377591.3 727644-00844
                                3

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained.  The defendant Skydeck and DOES 1-5 are sometimes collectively referred to herein as "Defendants."

10.    Plaintiff is informed and believes and thereupon alleges that at all times relevant herein, and each of the Defendants, were the agents and/or employees of one or more of the other defendants, were acting within the course and scope of said agency and/or employment, and that each defendant has aided and assisted one or more of the other defendants in committing the wrongful acts alleged herein.

11.    Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, conspired and agreed among themselves to do the acts complained of herein and were, in doing the acts complained of herein, acting pursuant to said conspiracy, and that each defendant sued herein is jointly and severally responsible and liable to Plaintiff for the damages alleged herein.

## MATERIAL ALLEGATIONS

### Plaintiff's Tile and Decking Business

12.    Since 2003, Tile Tech, including through its predecessor entities, has been engaged in the development, production, and sales of pavers and various accessories therefor, including, without limitation, pedestals and trays.

13.    Tile Tech is an innovative and highly successful creator, manufacturer, distributor, and seller of pavers and related accessories.

14.    Tile Tech devotes extensive time and resources to promoting and preserving its image and identity, and the image and identity of its high-quality products and services.  That includes, without limitation, creating distinctive designs and inventions for its products, including by seeking U.S. trademark and patent registrations for its marks and inventions, and by taking all steps necessary to preserve and protect its reputation and intellectual property. These steps include regularly policing in the marketplace to determine whether others are infringing Tile

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT, AND OTHER CAUSES

Tech's marks or otherwise degrading Tile Tech's goodwill.

15.    As described below, Tile Tech is the owner of trademarks for, and trademarks that incorporate, the designation TILE TECH (the "TILE TECH® marks") in connection with numerous pedestal and paver products of the highest quality.  By virtue of its extensive promotion, distribution, sale, and advertising of its tile-related goods and its good reputation amongst its customers under its TILE TECH® marks, Tile Tech has garnered substantial and widespread reputation and goodwill throughout the United States and elsewhere.  Indeed, at considerable expense and investment, Tile Tech has established a positive and enviable reputation in the marketplace for the quality of its goods/services, and has established common law trademark rights in its TILE TECH® marks. This good will in the marketplace is a valuable asset and Tile Tech takes its professional reputation very seriously and is committed to protecting it.

16.    Indeed, by virtue of its extensive promotion, distribution, sale, and advertising of its pedestal and paver goods in connection with its TILE TECH® marks, including through its website located at the URL <TileTechPavers.com>, Tile Tech has garnered significant common law rights in the TILE TECH® marks throughout the United States and elsewhere.

17.    In fact, Tile Tech is the owner of United States Federal Trademark Registrations (i.e., Registration Nos. 6535593, 4900686, and 6798688) for TILE TECH® marks (the "the TILE TECH® Registrations").  Copies of these Certificates of Registration for the TILE TECH® marks are attached hereto collectively as **Exhibit 1**.  As set forth in these registrations, Tile Tech directly and through its predecessors has been providing its pedestal and paver products in United States commerce under the TILE TECH mark since at least as early as 2003.

18.    Pursuant to 15 U.S.C. § 1115(a), these registrations constitute "prima facie evidence of . . [Tile Tech's] ownership of the mark[s], and of [its] exclusive right to use the registered mark[s] in commerce on or in connection with the goods

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT,
DECLARATORY JUDGMENT, AND OTHER CAUSES

or services specified in the registration[s]." In addition, because Tile Tech has continuously used the mark in Registration No. 4900686 in commerce for numerous years, Tile Tech's right to use this mark has become incontestable under 15 U.S.C. § 1065(a).

19.    Tile Tech takes its trademark rights very seriously and is committed to protecting its TILE TECH® marks. At considerable expense and investment, Tile Tech has established a strong reputation in the marketplace for its goods/services. Through Tile Tech's longstanding and widespread use of the TILE TECH® marks throughout the United States, and elsewhere, consumers have come to associate the TILE TECH marks solely with Tile Tech and its goods/services. As a result, Tile Tech has developed strong, protectable rights under federal, state, and common law trademark laws. Tile Tech has the exclusive right to use the TILE TECH® marks and has the right to prevent others from using such trademarks or any similar marks where such use creates a likelihood of confusion in the minds of consumers.

**The Defendants and Their Wrongful Conduct**

20.    Defendant Skydeck is a direct competitor of Tile Tech in the paver and paver accessory market that is trying to expand its market share in the U.S. market generally and, more specifically, in California.

21.    Skydeck at one-time surreptitiously obtained samples of Tile Tech products, feigning to be a potential customer when it intended all along to sell its own competing products, and to illegitimately target Tile Tech's customers by making unauthorized use of Plaintiff's TILE TECH® marks, including those located in California, to increase its market share and gained strong familiarity with Tile Tech's products. Tile Tech has prior, superior, and exclusive rights to use the TILE TECH® marks vis-à-vis Defendants.

22.    Unfortunately, rather than relying on the quality of its products and hard work to increase its market share, Defendant Skydeck, after Tile Tech has established its rights therein, chose instead to co-opt Plaintiff's TILE TECH® marks

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58377591.3 727644-00844

6

in connection with the sale of its goods.  That, however, is not a permitted means of competition.

23.    Specifically, Defendants make unauthorized continuous use of the Tile Tech® designation in connection with various product data pages on its website for products that do not originate from Tile Tech, thereby, among other things, conveying the false impression to consumers that Skydeck's goods originate from, or are associated with, and/or are identical to, Tile Tech's goods.  *See, e.g.*, the product specification pages on the <Skydeckusa.com> website, including, without limitation, for Skydeck's Monochrome Bone 2cm Porcelain Paver - Earth Series; Monochrome Basalt 2cm Porcelain Paver - Earth Series; Monochrome Ash 2cm Porcelain Paver – Earth Series; and Forest Honey 2cm Porcelain Plank Paver – Wood Look Series.

24.    In fact, the <Skydeckusa.com> website contains at least 20 distinct pages whereon the "Tile Tech" name in visible technical tables and image descriptions, and on pages containing hidden metadata. These repeated unauthorized uses of the TILE TECH® marks, in addition to sowing confusion as to source of the parties' respective goods and services, all but ensure that web traffic for persons using search engines to search for "Tile Tech" is diverted from Tile Tech to Skydeck, These unauthorized uses include but are not limited to:

a. Visible "Tile Tech Data Value" headings above specifications for Skydeck products;

b. Image descriptions and website content stating that Skydeck products "match" specific Tile Tech products;

c. Direct cross-reference between Skydeck product colors and Tile Tech product names; and

d. Tile Tech references in product pages, image descriptions and metadata.

25.    As a result, Tile Tech has suffered, and will continue to suffer harm, by, for example, lessening of the good will associated with Tile Tech's products,

58377591.3 727644-00844

7

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT, AND OTHER CAUSES

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

including damages well in excess of $75,000 exclusive of interest and costs.

**Skydeck's Allegations of Trademark Infringement**

26.    Plaintiff also seeks declaratory relief under authority of 28 U.S.C. § 2201, et seq., that its use of the designations "skydeck" and "sky deck" to describe its goods do not infringe Skydeck's alleged rights in the designations SKYDECK and/or SKYDECK USA.

27.    SkyDeck alleges that Tile Tech is infringing its alleged "SkyDeck" and "Skydeck USA" trademarks by using the descriptors "SkyDeck" and "Sky Deck" in its Google paid advertisements and other online marketing.  Skydeck has since applied for U.S. trademark registration for the designation SKYDECK USA.  As a result of Skydeck's allegations and efforts to register that designation as a U.S. trademark, Plaintiff has a reasonable apprehension that they will be sued by Skydeck for trademark infringement and unfair competition. Thus this dispute is sufficient for the Court to invoke jurisdiction pursuant to 28 U.S.C. § 2201(a) which provides, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

### FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. § 1114(1)-(2))

(Against All Defendants)

28.    Tile Tech repeats and re-alleges each and every allegation of paragraphs 1 through 25 as though fully set forth herein.

29.    Without Tile Tech's authorization or consent, and having knowledge of Tile Tech's prior rights in the TILE TECH® Registrations, Defendants have made continuous unauthorized use of Plaintiff's TILE TECH® trademark to the consuming public in connection with the promotion, advertising, distribution, and sale of goods that do not originate from Plaintiff, in direct competition with

Plaintiff, in or affecting interstate commerce.

30. Defendants have caused a likelihood of confusion, mistake and deception as to the source of origin, sponsorship, authorization, association, or affiliation of Defendants' goods/services, such that there is a likelihood that the public will be confused into believing that the products/services Defendants promote, distribute, and sell are directly sponsored by, affiliated with, associated with, and/or originate from the same source as Tile Tech's goods/services offered for sale, distributed, and sold in connection with the marks in the TILE TECH® Registrations.

31. Defendants' repeated use of Plaintiff's TILE TECH® marks violates sections 32(1) and (2) of the Lanham Act, 15 U.S.C. § 1114(1)-(2), because it constitutes unauthorized, willful and/or deliberate use in commerce of reproductions, counterfeits, copies, and/or colorable imitations of Tile Tech's federally-registered marks in connection with the sale, offering for sale, distribution, and advertising of products and services in a manner likely to cause confusion, mistake, and deception.

32. As a direct and proximate result of Defendants' unlawful conduct, Defendants have misappropriated Plaintiff's rights in the TILE TECH® Registrations, as well as the goodwill associated therewith, and have diverted sales and profits from Plaintiff to Defendants. Thus, as a direct and proximate result of Defendants' acts of infringement, Plaintiff has suffered damage to its valuable brand and reputation, and other damages in an amount to be proven at trial, including Defendants' profits and Plaintiff's lost profits.

33. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiff, unless Defendants are restrained by this Court. Plaintiff has no adequate remedy at law with regard to Defendants' infringing conduct. Accordingly, Plaintiff is entitled to a preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116, restraining and enjoining Defendants' and

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58377591.3 727644-00844

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT, AND OTHER CAUSES

their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using Plaintiff's afore-described registered trademarks, or any colorable imitation or variation thereof, in connection with the sale and/or marketing of any goods, including, without limitation, pavers and pedestals.

34.     Defendants' aforesaid acts are exceptional within the meaning of 15 U.S.C § 1117.

## SECOND CLAIM FOR RELIEF

**(Trademark Infringement, False Designation of Origin and False Description – 15 U.S.C. § 1125)**

(Against All Defendants)

35.     Plaintiff repeats and realleges each of the allegations of paragraphs 1 through 25 above as if fully set forth herein.

36.     Plaintiff's TILE TECH® marks are non-functional and highly distinctive, and have become associated in the public mind, throughout the United States and internationally, with outdoor pavers, pedestals, and related accessories and services of the highest quality and reputation finding their source in Plaintiff.

37.     Plaintiff owns all right, title and interest in and to the TILE TECH® marks.

38.     Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's prior rights in the TILE TECH® marks, Defendants have distributed, advertised, and offered for sale goods/services in connection with the TILE TECH® marks to the consuming public in direct competition with Plaintiff, in or affecting interstate commerce.

39.     Defendants have caused a likelihood of confusion, mistake and deception as to the source of origin, sponsorship, authorization, association, or affiliation of Defendants' goods/services, such that there is a likelihood that the public will be confused into believing that the products Defendants promote, distribute, offer for sale, and sell are directly sponsored by, associated with,

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58377591.3 727644-00844

10

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT, AND OTHER CAUSES

affiliated with, and/or originate from the same source as Plaintiff's goods/services advertised and sold in connection with the TILE TECH® marks.

40. Defendants' acts described above constitute trade mark infringement, false designation of origin, false description, and false representation in violation of 15 U.S.C. §1125(a). Such activities are harming Plaintiff's ability to protect the integrity of its products and the goodwill of its valuable TILE TECH® marks.

41. As a direct and proximate result of Defendants' unlawful conduct, Defendants have misappropriated Plaintiff's rights in the TILE TECH® marks, as well as the goodwill associated therewith, and have diverted sales and profits from Plaintiff to Defendants. Thus, as a direct and proximate result of Defendants' acts of infringement, Plaintiff has suffered damage to its valuable brand and reputation, and other damages in an amount to be proven at trial, including Defendants' profits and Plaintiff's lost profits.

42. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiff, unless Defendants are restrained by this Court. Plaintiff has no adequate remedy at law with regard to Defendants' infringing conduct. Accordingly, Plaintiff is entitled to a preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116, restraining and enjoining Defendants' and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using Plaintiff's TILE TECH® marks, or any colorable imitations or variations thereof, in connection with the sale and/or marketing of any goods/services, including, without limitation, pavers and pedestals.

43. Defendants' aforesaid acts are exceptional within the meaning of 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

(Against All Defendants)

44. Plaintiff repeats and re-alleges each and every allegation of paragraphs

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58377591.3 727644-00844

11

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT, AND OTHER CAUSES

1 through 25 and 34 through 38 as though fully set forth herein.

45.     Defendants have violated Plaintiff's exclusive common law rights in the TILE TECH® marks.

46.     Plaintiff has continuously used its TILE TECH® marks to identify its goods throughout California and the United States, and to distinguish them from goods of a different origin.  As such, Plaintiff has common law rights to the TILE TECH® marks.

47.     Defendants' acts described above constitute trade mark infringement under the common laws of the United States, including California.

48.     As a direct and proximate result, Plaintiff has suffered injury and harm and will continue to suffer such harm, including money damages, the amount of which Plaintiff will prove at trial.

49.     Plaintiff has no adequate remedy at law.  Thus said activities of Defendants have caused and, if not enjoined, will continue to cause irreparable harm and damage to the rights of Plaintiff in its TILE TECH® marks and to its business reputation and good will.

## FOURTH CLAIM FOR RELIEF

### (California Common Law Unfair Competition))

(Against All Defendants)

50.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 25, 34 through 38, 43 and 44 as though fully set forth herein.

51.     This claim arises under the common law of the State of California relating to unfair competition.

52.     Defendants' use of the TILE TECH® marks in connection with the marketing, sale, and distribution of goods that do not originate from Plaintiff constitutes unauthorized use of reproductions, copies and colorable imitations of Plaintiff's TILE TECH® marks, and the reputation garnered in those designations, and constitutes unfair competition, and is likely to cause confusion and mistake in

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58377591.3 727644-00844

12

the minds of the trade and the purchasing public as to the source of the parties' goods/services and to cause purchasers to believe Defendants' good/services are authentic goods/services of Plaintiff when in fact they are not.

53. By their actions in infringing Plaintiff's TILE TECH® marks, Defendants are improperly trading upon the reputation and good will of Tile Tech and are impairing its valuable rights in its TILE TECH® marks.

54. Defendants' unauthorized activities as alleged herein constitute unfair competition, and are likely to illegitimately harm to Plaintiff's competitive position in the marketplace.

55. As a direct and proximate result, Plaintiff has suffered injury and harm and will continue to suffer such harm, including money damages, the amount of which Plaintiff will prove at trial.

56. Plaintiff has no adequate remedy at law. Thus said activities of Defendants have caused and, if not enjoined, will continue to cause irreparable harm and damage to the rights of Plaintiff in its TILE TECH® marks and to its business reputation and good will.

**<u>FIFTH CLAIM FOR RELIEF</u>**

**(California Statutory Unfair Competition –**

**California Bus. & Prof. Code § 17200, *et seq.*)**

(Against All Defendants)

57. Tile Tech repeats and re-alleges each and every allegation of the preceding paragraphs 1 through 25, 34 through 38, 43 through 45, and 49 through 52 as though fully set forth herein.

58. By reason of the foregoing, and other such activities, including, without limitation, false/misleading statements made as to other competitors in the Comparative Ads and unauthorized use of the TILE TECH® marks, Defendants have been, and are, engaged in "unlawful, unfair or fraudulent business act[s] or practice[s]" and/or "unfair, deceptive, untrue or misleading advertising" in violation

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

of California Business and Professions Code Section 17200 *et seq.*

59.    Thus, said activities of Defendants have caused and, if not enjoined, will continue to cause irreparable harm and damage to the rights of Tile Tech in its business reputation and good will and to the public at large. Defendants' acts have damaged and will continue to damage Tile Tech in the public irreparably. Tile Tech has no adequate remedy at law for these wrongs and injuries. The damage to Tile Tech includes harm to its goodwill and reputation in the marketplace that money alone cannot compensate. Accordingly, Tile Tech is entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from continuing to violate Tile Tech's rights as alleged in from damaging the public. Tile Tech is further entitled to recover its costs and, in accordance with Cal. Code of Civ. P. § 1021.5, attorneys' fees incurred in bringing and prosecuting this action.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of Skydeck Trademarks)

(Against Skydeck)

60.    Tile Tech repeats and re-alleges each and every allegation of the preceding paragraphs 1 through 15 and 26 and 27 as though fully set forth herein.

61.    Skydeck asserts that Tile Tech's use of the "SkyDeck" and "Sky Deck" designations infringes upon Skydeck's rights. Skydeck's charges of trademark infringement have put Tile Tech in reasonable apprehension of being sued by Skydeck with respect to these designations. Accordingly, there is an actual and existing justiciable controversy between Plaintiff and Skydeck relating to Skydeck's allegations that Plaintiff infringes upon Skydeck's alleged rights in the SKYDECK and SKYDECK USA designations, and as to the validity of Skydeck's assertion of rights to these designations.

62.    Skydeck's alleged SKYDECK and SKYDECK USA trademarks are

invalid, such that they do not serve as designators of a single source, being that they are generic when applied to the parties' respective goods, *e.g.*, pavers and accessories used in connection with architectural platforms commonly known as "skydecks" or "sky decks."

63.    Generic designations are not entitled to protection as a trademark. A generic mark "simply state[s] what the product is." The below screenshot is from a Google search for "what is a skydeck in relation to architecture?" – demonstrating that the designation is generic as applied to Skydeck's goods which include components for building skydecks or sky decks.



64.    Indeed, "Sky Deck" is a common marketplace term frequently used within the tile and decking industry. The below screenshot is from the website of Mataverde, a decking company with offices in Cotati, California, and New London, Connecticut – further demonstrating that the designation is generic as applied to Skydeck's goods which include components for building skydecks or sky decks.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100



Rooftop Deck with Panoramic Views of Greater Boston



Known as "The Sky Deck", this rooftop deck sits 21 stories atop an apartment building for the enjoyment of the residents here. Recover Green Roofs design/built another enduring structure which features plantings, an irrigation system, granite pavers, Ipe hardwood decking and a spectacular pergola, also made with highly durable Ipe hardwood. Read more here.

65.    Even if they are not deemed generic, they are invalid as they are highly descriptive, and Skydeck cannot demonstrate that they are otherwise protectable in that they have acquired secondary meaning amongst the relevant consumers in the marketplace.

66.    Accordingly, Plaintiff is entitled to a declaration that Skydeck does not own enforceable trademark or tradename rights in the "Skydeck" or "Skydeck USA" designations.

## SEVENTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of Skydeck Trademarks)**

(Against Skydeck)

67.    Tile Tech repeats and re-alleges each and every allegation of the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT, AND OTHER CAUSES

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

preceding paragraphs 1 through 15 and 26 and 27 as though fully set forth herein.

68. Skydeck asserts that Tile Tech's use of "SkyDeck" and "Sky Deck" in its Google paid advertisements and other online marketing infringe upon Skydeck's alleged SKYDECK and SKYDECK USA designations. Such assertions and threats were made directly to Tile Tech in the form of Skydeck's written allegations of infringement.

69. Skydeck's charges of trademark infringement have put Tile Tech in reasonable apprehension of being sued by Skydeck for Tile Tech's Google paid advertisements and other online marketing.

70. Upon information and belief, Skydeck's assertion that Tile Tech's Google paid advertisements and other online marketing infringe upon Skydeck's alleged SKYDECK and SKYDECK USA designations has no basis in law. Accordingly, Tile Tech seeks a declaration that its use of the "skydeck" and "sky deck" designations do not infringe, do not constitute unfair competition, and do not violate any rights of Defendant under 15 U.S.C. §1125(a) under the Lanham Act or under the statutory or common law of the state of Michigan or otherwise.

71. In view of Skydeck's charge of trademark infringement and direct threats to sue Tile Tech for such, Tile Tech has been brought into an adversarial conflict with Skydeck regarding Tile Tech's rights to advertise its goods/services, and Tile Tech has a real and reasonable apprehension of litigation being brought by Skydeck. Accordingly, there is an actual and existing justiciable controversy between Plaintiff and Skydeck relating to Skydeck's allegations that Plaintiff infringes upon the Skydeck's alleged SKYDECK and SKYDECK USA designations.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58377591.3 727644-00844

17

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT, AND OTHER CAUSES

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**EIGHTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Interference with Skydeck's Supplier)**

(Against Skydeck)

72.   Tile Tech repeats and re-alleges each and every allegation of the preceding paragraphs 1 through 15 and 26 and 27 as though fully set forth herein.

73.   Skydeck asserts that Tile Tech was "behind the recent actions taken by Kronos USA to sever or restrict its supply relationship with SkyDeck." Such assertions and threats were made directly to Tile Tech in the form of Skydeck's written allegations of tortious interference and unfair competition.

74.   Skydeck's charges of tortious interference and unfair competition have put Tile Tech in reasonable apprehension of being sued by Skydeck.

75.   Tile Tech denies  Skydeck's assertion that Tile Tech tortiously interfered with Skydeck's business relationships and engaged in unfair competition.

76.   In view of Skydeck's charge of tortious interference and unfair competition and direct threats to sue Tile Tech for such, Tile Tech has been brought into an adversarial conflict with Skydeck regarding these allegations, and Tile Tech has a real and reasonable apprehension of litigation being brought by Skydeck. Accordingly, there is an actual and existing justiciable controversy between Tile Tech and Skydeck relating to Skydeck's allegations that Tile Tech tortiously interfered and engaged in unfair competition.

77.   Accordingly, Tile Tech seeks a declaration of non-liability with respect to Skydeck's allegations that Tile Tech unlawfully interfered with its business relationship with Kronos USA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.   Entry of judgment in favor of Plaintiff on all counts in this Complaint;

2.   For a finding that Defendants' conduct constitutes an exceptional case,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT, AND OTHER CAUSES

such that Tile Tech is entitled to an award of attorneys' fees, costs and expenses;

3.  That Defendants, their officers, members, shareholders, directors, agents, servants, employees, successors, licensees, representatives, successors, assigns, and all persons acting in concert or participation with them, be permanently enjoined and restrained from:

(i)  Manufacturing, importing, distributing, advertising, offering to sell or selling any goods bearing any of the TILE TECH® marks, or any confusingly similar designations;

(ii)  Using any of the TILE TECH® marks or any confusingly similar designations, in connection with the importation, distribution, sale, offer for sale, marketing, or promotion of any goods/services, including pavers, pedestals, and accessories and parts therefor;

(iii)  Using any false designation of origin, or representing or suggesting directly or by implication that Defendants, or any brands created by Defendants, or their goods, are affiliated with, associated with, authorized by, or otherwise connected to Plaintiff, Plaintiff's goods/services, or the TILE TECH® marks, or that Defendants are authorized by Plaintiff to use the TILE TECH® marks or any designation confusingly similar therewith;

(iv)  Engaging in any other activity constituting unfair competition with Plaintiff, or constituting infringement of any of the TILE TECH® marks;

(v)  from infringing or contributing to the infringement of any of Plaintiff's trademarks or trade names, including without limitation the TILE TECH® marks, or otherwise engaging in unfair competition with Plaintiff in any manner or engaging in any conduct tending to falsely represent or likely to confuse,

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58377591.3 727644-00844

19

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT,
DECLARATORY JUDGMENT, AND OTHER CAUSES

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

mislead or deceive suppliers, purchasers, or any member of the public into thinking that Defendants or any of their goods/services are affiliated with Plaintiff or that Plaintiff has otherwise sponsored, approved, or licensed any goods/services of Defendants;

(vi)   from using the TILE TECH® marks on Skydeck's website in connection with product pages, "Tile Tech Data Value" references, image titles, captions, descriptions, alt text, metadata, meta-tags, or structured data;

(vii)   from using the TILE TECH® marks in product literature, sales materials, or other marketing materials;

(viii)   Assisting, inducing, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (vii) above, or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (vii) above;

4.   That Defendants be directed to file with the Court and serve on Plaintiff, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5.   That Plaintiff has superior rights to exclusive use in its TILE TECH® marks in connection with building equipment, including without limitation pavers, pedestals, and parts and accessories therefor;

6.   Adjudge that each of the Defendants, by its unauthorized use of the TILE TECH® marks, have violated Plaintiff's rights under 15 U.S.C. §§ 1114 and 1125(a), under California state law (including, without limitation, Cal. Bus. & Prof.

58377591.3 727644-00844

20

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT, AND OTHER CAUSES

Code § 17200 et seq.), and under common law;

7. Enter an order, including pursuant to 15 U.S.C § 1118, directing Defendants to deliver for destruction all products, brochures, marketing materials, decals, stickers, signs, prints, packages, receptacles, wrappers, boxes, and advertisements in their possession or under their control, bearing any unauthorized copy of any of the TILE TECH® marks, or any simulation, reproduction, counterfeit, copy, confusingly similar likeness, or colorable imitation thereof, and all plates, molds, matrices, programs and other means of making same;

8. A declaration that Skydeck does not own any protectable trademark or tradename rights in either the "Skydeck" and/or "Skydeck USA" designations;

9. A declaration that Plaintiff has not infringed and does not infringe Skydeck's alleged rights in the "Skydeck" and/or "Skydeck USA" designations;

10. A declaration that Plaintiff has not tortiously interfered with Skydeck's business relationship with Kronos USA, or engaged in unfair competition relating thereto;

11. Direct Defendants to pay Plaintiff such damages as it has sustained as a consequence of Defendants' infringement of the of the TILE TECH® marks and trebling of those damages under 15 U.S.C. § 1117;

12. Direct Defendants to pay Plaintiff's attorneys' fees and costs incurred in initiating and prosecuting this action;

13. That Plaintiff recover its actual damages and Plaintiff's lost profits arising from Defendants' conduct complained-of herein;

14. That the Court award enhanced profits and treble damages;

15. That Plaintiff be awarded interest, including pre-judgment interest, on the foregoing sums;

16. For general and specific damages according to proof at time of trial;

17. For interest as allowed by law;

18. For permanent injunctive relief against Defendants pursuant to 15

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

U.S.C. §1116, California Business Professions Code § 17203, and the common law;

19.    For the recovery of Defendants' illegal and unjust profits;

20.    For three times Tile Tech's actual money damages

21.    Direct Defendants to pay the costs of corrective advertising;

22.    Direct Defendants to pay punitive damages and exemplary damages according to proof; and

23.    For such other and further relief as this Court may deem just and proper.

DATED:  August 6, 2026          SAUL EWING LLP


By:  _____/s/ Mark B. Mizrahi_____
     MARK B. MIZRAHI
     WILLIAM E. ADAMS
     Attorneys for Plaintiff, Tile Tech, Inc.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58377591.3 727644-00844                    22

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT, AND OTHER CAUSES

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands and requests a trial by jury of all issues raised that are triable by jury.

DATED:  August 6, 2026          SAUL EWING LLP


By:     */s/ Mark B. Mizrahi*

MARK B. MIZRAHI
WILLIAM E. ADAMS
Attorneys for Plaintiff, Tile Tech, Inc.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58377591.3 727644-00844                                      23

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT,
DECLARATORY JUDGMENT, AND OTHER CAUSES

# EXHIBIT 1

# United States of America
### United States Patent and Trademark Office

# TILE TECH

**Reg. No. 6,535,593**

**Registered Oct. 26, 2021**

**Int. Cl.: 19**

**Trademark**

**Principal Register**

Tile Tech, Inc.  (CALIFORNIA CORPORATION)
4730 E. 26th Street
Vernon, CALIFORNIA 90058

CLASS 19: Building materials, namely, plastic pedestals for elevating pavers; non-metal floor tiles; pavement tiles; paver tiles; pavers; non-metallic paving blocks; paving stones; paving tiles; tiles of clay, glass, gypsum, ceramic or earthenware; wood tile floors

FIRST USE 7-1-2003; IN COMMERCE 7-1-2003

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 4900686, 4591095

No claim is made to the exclusive right to use the following apart from the mark as shown: "TILE"

SER. NO. 90-404,218, FILED 12-22-2020





Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse)  and  an  Application  for  Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO.  To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,900,686**

**Registered Feb. 16, 2016**

**Int. Cl.: 19**

**TRADEMARK**

**PRINCIPAL REGISTER**

TILE TECH INC. (CALIFORNIA CORPORATION)
11693 SAN VICENTE BLVD. #343
LOS ANGELES, CA 90049

FOR: BUILDING MATERIALS, NAMELY, PLASTIC PEDESTALS FOR ELEVATING PAVERS; NON-METAL FLOOR TILES; PAVEMENT TILES; PAVER TILES; PAVERS; PAVING BLOCKS; PAVING STONES; PAVING TILES; TILES OF CLAY, GLASS, GYPSUM, CERAMIC OR EARTHENWARE; WOOD TILE FLOORS, IN CLASS 19 (U.S. CLS. 1, 12, 33 AND 50).

FIRST USE 12-1-2012; IN COMMERCE 1-1-2013.

OWNER OF U.S. REG. NO. 4,591,095.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TILE", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE TERM "TILE" WITH THE LETTER "T" BEING THE CENTER OF EIGHT RAYS OF FOUR SQUARES RANGING FROM SMALL TO LARGE FROM THE CENTER FORMING AN INCOMPLETE CIRCLE. THE WORDING "TECH" IS TO THE LEFT OF THE DESIGN.

SER. NO. 86-619,634, FILED 5-5-2015.

JULIE VEPPUMTHARA, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

```
+---------------------------------------------------------------+
|            REQUIREMENTS TO MAINTAIN YOUR FEDERAL              |
|                  TRADEMARK REGISTRATION                       |
|                                                               |
|   WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT  |
|   FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS. |
+---------------------------------------------------------------+
```

**Requirements in the First Ten Years***
**What and When to File:**

   ***First Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.   If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

   ***Second Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
   *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

   You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).   The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.   *See* 15 U.S.C. §§1058, 1141k.   However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.   *See* 15 U.S.C. §1141j.   For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the USPTO website for further information.   With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:   A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office



**Reg. No. 6,798,688**

**Registered Jul. 19, 2022**

**Int. Cl.: 19**

**Trademark**

**Principal Register**

Tile Tech, Inc.  (CALIFORNIA CORPORATION)
4730 E. 26th Street
Vernon, CALIFORNIA 90058

CLASS 19: Building materials, namely, plastic pedestals for elevating pavers; non-metal floor tiles; pavement tiles; paver tiles; pavers; non-metallic paving blocks; paving stones; paving tiles; tiles of clay, glass, gypsum, ceramic or earthenware; wood tile floors

FIRST USE 10-00-2019; IN COMMERCE 10-00-2019

The mark consists of the stylized wording "TILE TECH" above a horizontal line above the wording "PAVER SYSTEM" between two triangles with curved bases. To the left of the wording is a design of four squares, turned 45 degrees, and the wording "MFG".

OWNER OF U.S. REG. NO. 4900686, 4591095

No claim is made to the exclusive right to use the following apart from the mark as shown: "MFG" AND "TILE" AND "PAVING SYSTEM"

SER. NO. 90-404,345, FILED 12-22-2020



*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.